Case 2:19-mc-00468 Document 4 Filed on 04/25/19 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 25, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD PAUL DONEGAN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | MISC. ACTION NO. 2:19-MC-00468 |
| | § | |
| TOM DONEGAN, *et al*, | § | |
| | § | |
| Respondents. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending is Plaintiff's application to proceed *in forma pauperis* (D.E. 1). Plaintiff appeared for his scheduled hearing on April 25, 2019. It is respectfully recommended that the application be denied.

### Income

According to the Plaintiff, he receives SSDI, after deductions that include his Medicare payment, of $1990 per month, along with a payment of $500 per month from a trust fund set up by his family, for a total income of $2,490 per month.

### Expenses

The Plaintiff's apartment rent is $740, his utilities are approximately $80 per month, his ATT satellite television bill is $70 per month, and his cell phone and internet bill is $70 per month. The Plaintiff does not own a car, and his transportation bills (bus pass and Uber) total $60 per month, and his food bill is approximately $300 per month. He does not take any medications. Plaintiff's expenses total $1320 per month.

**Conclusion and Recommendation**

Plaintiff's monthly income exceeds his expenses by 1,170. Plaintiff also conceded that his satellite cable television bill could be considered discretionary because he can watch and read the news on the Internet. If $70 is deducted from his expenses, then Plaintiff's income exceeds his expenses by $1,240. Moreover, Plaintiff stated on his application that he had $300.00 in the bank as of the date that his application was filed (D.E. 1).

After the court pointed out to Plaintiff that he should have over $1,000 each month after paying his expenses, Plaintiff stated that his expenses were only estimated, and that since his physician recommended a low-fat diet, his food bill might be higher than $300. Even if true, his food bill would clearly not increase by $1,170 (or $1,240, depending on whether the cable bill is included as a necessary expense).

It is respectfully recommended that Plaintiff's application to proceed *in forma pauperis* (D.E. 1) be denied, and if this recommendation is accepted, that Plaintiff be ordered to pay the $400 filing fee within thirty days of the ruling by the District Judge.[1]

Respectfully submitted this 25th day of April, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff stated that he was filing his lawsuit based on diversity jurisdiction; however, if he intends to sue any individual at the Thomas Henry law firm, the Court takes judicial notice that the lawyers in the firm reside in the State of Texas, which would defeat diversity jurisdiction. Plaintiff stated he was not ready to discuss the details of his lawsuit on the day of his hearing, and he came prepared only to discuss his finances.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).